KUEHN, J., SPECIALLY CONCURRING:
 

 ¶ 1 I specially concur to address the allegation that the majority is incorrect in paraphrasing the plain error standard. Presiding Judge Lumpkin correctly outlines the established test for plain error developed under the
 
 Simpson
 
 case. However, I completely disagree that the
 
 Simpson
 
 or
 
 Hogan
 
 language, which we all understand fully, has to be drafted word for word in every opinion we release. A paraphrase of the
 
 Hogan
 
 language, properly attributed, is the legally correct way to cite to the plain error test. Mandating that judges of this Court must quote
 
 Simpson
 
 or
 
 Hogan
 
 completely in every analysis is inappropriate, and at times completely unnecessary.
 

 ¶ 2 I would like to note that if a plain error is not found during an analysis, then 1) the language regarding any "affect the [error] had on the outcome of the trial", or 2) the fourth "prong" that is delineated in
 
 Simpson
 
 and
 
 Hogan
 
 -to weigh the harm in an error to correct it-are not only unnecessary to discuss, but are completely irrelevant to the analysis. No error means nothing in the jury's decision was affected and there is nothing to weigh.
 

 ¶ 3 Also, if the Court finds error occurred, then citing to cases that outline the entire test in support of the argument, is not only an appropriate legal writing skill, it is a fundamental way to inform the reader of the standard the Court is applying to the facts. To insinuate that anything less than a verbatim recitation of
 
 Hogan
 
 in each analysis will lead to straying arguments and chaos in deciphering the standard is nonsensical.
 

 ¶ 4 By citing to
 
 Hogan
 
 , the reader knows that the test that was applied is the
 
 Simpson
 
 test. To be exact, the reference to paragraph 38 in
 
 Hogan
 
 will lead the reader to the following language in
 
 Hogan
 
 : "To be entitled to relief under the plain error doctrine, Hogan must prove: 1) the existence of an actual error (i.e., deviation from a legal rule); 2) that the error is plain or obvious; and 3) that the error affected his substantial rights,
 meaning the error affected the outcome of the proceeding.
 
 See
 

 Simpson v. State,
 

 1994 OK CR 40
 
 , ¶¶ 3, 11, 23,
 
 876 P.2d 690
 
 , 694, 695, 698 ; 20 O.S.2001, § 3001.1."
 
 Hogan v. State
 
 ,
 
 2006 OK CR 19
 
 , ¶ 38,
 
 139 P.3d 907
 
 , 923.
 
 Hogan
 
 was decided in 2006. In the twelve years since that opinion, this Court has managed to both quote the test, paraphrase and cite to the standard, all without leading the legal world astray, or creating chaos in the legal community on what test this Court has used since 1994 to analyze plain error.